**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Chapman, | No. CV 03-2537 PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| John E. Potter, Postmaster General, United States Postal Service; National Postal Mail Handlers Union, | |
| Defendants. | |

The Court has held a number of discovery conference calls in this case. Calls have been placed when counsel for plaintiff, William R. Hobson, and counsel for Defendant John E. Potter, Harriet M. Bernick, have disagreed. The parties placed a conference call to the Court on October 12, 2005, concerning objections, instructions, and other comments made by Ms. Bernick during a deposition. As a result of this call, the Court entered an Order setting forth fundamental deposition rules that should already be known and practiced, including that lawyers should state the legal basis for an objection without elaboration, should refrain from coaching witnesses through speaking objections, comments, or body language, should not interrupt a deposition to confer with a witness when a question is pending, and should "refrain from making inappropriate remarks of any kind." *See* Doc. #108.

Five days later, on October 17, 2005, the parties placed another discovery conference call to the Court. Mr. Hobson and Ms. Bernick had again reached

1. disagreement. The Court entered rulings on their disagreement and instructed that "the parties shall provide the Court with relevant pages of today's transcript so the Court can determine whether sanctions are warranted for [Ms. Bernick's comments]." *See* Doc. #111. On October 19, 2005, Ms. Bernick provided the Court with relevant pages from the deposition transcript. *See* Doc. #112.

The parties again reached disagreement on December 2, 2005, and placed another discovery conference call to the Court. The Court entered an Order regarding the disagreement (Doc. #143) and, during the call, directed the parties to provide relevant deposition pages to again determine whether counsel had violated the Court's order regarding deposition protocol. Mr. Hobson has now provided those pages. *See* Doc. #144.

The Court has reviewed the deposition transcript submitted by the parties, and reaches the following conclusions:

1. Neither side is cooperating as the Court expects. Counsel for Plaintiff and Defendant Potter are too quick to disagree, too unwilling to listen, too unwilling to engage in reasonable dialog, and too quick to contact the Court for a resolution of their differences. Calm and courteous discussion, with a genuine interest in resolving disagreements rather than making accusations, would have resolved most if not all of the discovery disputes in this case.

2. On October 12, 2005, the Court specifically stated that "counsel shall refrain from making inappropriate remarks of any kind." Doc. #108. The Court entered this Order after being informed that Ms. Bernick had made inappropriate remarks to Mr. Hobson during a deposition. Ms. Bernick violated this Order in the deposition of October 17, 2005 when she made the following statement to Mr. Hobson: "Do you understand that, or are you too stupid to understand it?" Doc. #112, Ex. at 54. Ms. Bernick further violated the Court's Order in the deposition of October 19, 2005, when she responded to Mr. Hobson's question as follows: "Objection. You don't need to answer that." When Mr. Hobson asked the basis for her objection, Ms. Bernick replied: "It's a stupid question." Doc. #144,

- 2 -

1  Ex. 2 at 2-3. These statements by Ms. Bernick are inappropriate, unprofessional, and a
2  violation of the Court's Order of October 12, 2005. As a sanction for violating the Court's
3  Order, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, Ms. Bernick
4  personally shall pay Plaintiff $150.00 in attorneys' fees, which represents the Court's
5  estimate of the value of the time wasted by Plaintiff's counsel in seeking the Court's
6  intervention. More severe sanctions will be imposed if Ms. Bernick persists in this
7  unprofessional conduct. This sanction shall be paid to Plaintiff on or before
8  December 31, 2005.

9    3.    The Court expects all counsel to behave professionally in all aspects of this
10 case yet to be completed.

11 DATED this 8th day of December, 2005.

_____
David G. Campbell
United States District Judge